UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
LUZ M. GIRALDO,

                Plaintiff,                     **COMPLAINT**

        - against -

BUILDING SERVICE 32B-J PENSION FUND and         06 CV 14349
BOARD OF TRUSTEES OF BUILDING SERVICE
32B-J PENSION FUND,                                   ECF CASE (UA/GBD)

                Defendants.
------------------------------------------------------------------------x

        Plaintiff LUZ M. GIRALDO, by her attorneys, McCormick Dunne & Foley, as and for a complaint against the above-captioned defendants, alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and specifically 29 U.S.C. § 1132(a)(1)(B).

2. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f).

3. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), because the subject plan is administered in the Southern District of New York, because the subject breach took place in the Southern District of New York, and because the defendants reside or may be found in the Southern District of New York.

## THE PARTIES

4. Plaintiff LUZ M. GIRALDO ("GIRALDO") is a natural person and a citizen of the State of Nevada, residing at 11078 Tuscolana Street, Las Vegas, Nevada.

5. Upon information and belief, at all times hereinafter mentioned, defendant BUILDING SERVICE 32B-J PENSION FUND (the "Plan") was and is an "employee welfare benefit

plan" and a "welfare plan," as defined by 29 U.S.C. § 1002(1), and an "employee benefit plan" and "plan," as defined by 29 U.S.C. § 1002(3).

6. Upon information and belief, at all times hereinafter mentioned, defendant BOARD OF TRUSTEES OF BUILDING SERVICE 32B-J PENSION FUND was and is the "administrator" of the Plan, as defined by 29 U.S.C. § 1002(16)(A).

## BACKGROUND

7. On a date prior to August 26, 2002, as a benefit of her employment, GIRALDO came to enrolled in the Plan.

8. On a date prior to August 26, 2002, GIRALDO became "totally and permanently disabled," as defined by the Plan.

9. On August 26, 2002, GIRALDO duly applied for disability pension benefits.

10. By letters dated January 27, 2003 and February 18, 2003, GIRALDO's application for disability pension benefits was denied on the basis that she was not "totally and permanently disabled," as defined by the Plan (the "claim denial").

11. By letters dated August 21, 2003 and August 22, 2003, GIRALDO timely appealed the claim denial, and by letter dated December 8, 2003, GIRALDO's administrative appeal was denied (the "appeal denial").

12. Subsequent to the appeal denial, GIRALDO was awarded disability insurance benefits by the Social Security Administration, and by letter dated March 2, 2004, defendants were advised of the award, and of the particular findings and determinations rendered in conjunction therewith.

13. On May 12, 2004, GIRALDO brought an action in this Court under ERISA, and on February 16, 2006, an order (the "February 16, 2006 order") issued declaring defendants' claims

handling "arbitrary and capricious," and remanding the claim with instructions to, *inter alia*, consider GIRALDO's age, education level, skill level and past employment history.

14. The defendants did not move for reconsideration and/or re-argument of the February 16, 2006 order, nor did they appeal the February 16, 2006 order.

**AS AND FOR A FIRST CAUSE OF ACTION**

15. GIRALDO repeats and reiterates paragraphs "1" through "14," as if fully set forth at length herein.

16. Over GIRALDO's objection, defendants caused their ERISA appeals committee (not their claims department) to undertake the mandated reevaluation of GIRALDO's claim on remand.

17. At a hearing before the ERISA appeals committee held on June 19, 2006, it was announced that none of the committee members had read the February 16, 2006 order.

18. Additionally, when it was brought to the ERISA appeals committee's attention that the February 16, 2006 order mandated that it consider GIRALDO's age, education, skill level and past employment history, the ERISA appeals committee responded by representing that it had absolutely no intention of doing so.

19. By letter dated June 23, 2006, the ERISA appeals committee reaffirmed the denial of GIRALDO's claim.

20. In that letter, consistent with the position articulated at the June 19, 2006 hearing, the ERISA appeals committee stated that notwithstanding this Court's unequivocal directives, it was <u>not</u> obligated to, and therefore would <u>not</u>, consider GIRALDO's age, education level, skill level and past employment history.

21. The ERISA appeals committee's actions, as set forth above, were "arbitrary and capricious," entitling GIRALDO to be awarded all disability pension benefits wrongfully withheld from her to date, together with prejudgment interest at a rate to be established by the Court.

22. Additionally, GIRALDO is entitled to receive disability pension benefits on a going-forward basis.

23. Lastly, GIRALDO is entitled to attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

**WHEREFORE** GIRALDO demands judgment:

(i) awarding her the sum of all disability pension benefits wrongfully withheld from her to date, together with prejudgment interest at a rate to be set by the Court;

(ii) declaring that she is entitled to receive disability pension benefits on a going-forward basis;

(iii) awarding her attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1); and

(iv) for such other and further relief as to this Court may seem just and proper.

Yours, etc.,

MCCORMICK DUNNE & FOLEY

By: _____
Christopher P. Foley (CF 6079)

Attorneys for Plaintiff
Office and P.O. Address
61 Broadway, Suite 2100
New York, New York  10006
(212) 363-1300